## CHARLES H. OLDEN

*v.*

## URIAH SASSMAN.

[Submitted March 26th, 1907.   Decided April 3d, 1907.]

1. Where no levy is made under a writ of execution before its return, power to perfect the lien of the writ is lost, and any personalty not levied upon before such return may be subjected to a subsequent judgment creditor's execution.

2. A sheriff's levy upon personalty particularly described, "and all other goods and chattels belonging to" defendant, did not cover a leasehold interest not part of the personalty particularly described, the officer who executed the writ not knowing of the property until he was asked to and did levy upon it under another writ after power to levy under the first writ had expired, and hence the subsequent execution creditor was entitled to the proceeds of the sale of the leasehold interest.

On application for an order directing the application of moneys raised by the sheriff from the sale of defendant's property under an execution in favor of complainant.

*Mr. John T. Bird,* for the applicant.

*Mr. Edwin Robert Walker,* for the respondent.

BERGEN, V. C.

The sheriff of the county of Mercer had delivered to him November 20th, 1906, an execution issued out of the ˙Mercer

county circuit court in favor of Charles H. Mather against the defendant. By virtue of this execution the sheriff on the same day levied upon certain personal property, a particular inventory of which is attached to the writ, and concludes as follows: "all other goods and chattels belonging to Newton Uriah Sassman." This writ was returnable to the January Term, 1907, of the Mercer county circuit court, which opened on the third Tuesday in January, which in the year 1907 fell on the 15th day of the month.

On December 29th, 1906, a writ of execution was issued out of this court in favor of the complainant and against the defendant, returnable to the February Term, 1907, which opened on the first Tuesday of the month. This execution was delivered to the sheriff of Mercer county on January 2d, 1907, and on the same day the sheriff levied upon the same personal property which was subject to the levy already made by him by virtue of the execution placed in his hands in favor of Mather, but on the 16th day of January, 1907, the sheriff made an additional levy upon the leasehold interest of Sassman in and to certain real estate in the county of Mercer. This levy was made after the return of the Mather writ, and unless the chattel interest is included in the closing words of the sheriff's levy in the Mather case it was not levied upon by the sheriff under that writ, because on the 16th day of January, the Mather writ having been returned on the previous day, the sheriff's power to further execute it by an additional levy was exhausted. The complainant proceeded with the execution of his writ, and under it the sheriff sold to the complainant whatever rights the defendant had under the lease for the sum of $1,200. The complainant now asks to have the purchase price, less the sheriff's costs and expenses, applied towards the satisfaction of his writ, which application Mather resists, claiming that as his writ of execution was placed in the sheriff's hands prior to that of the complainant, it bound all the chattel interest and personal property of the defendant from the time it was delivered to the sheriff, and as such delivery preceded that of the complainant, he is entitled to have the money realized applied towards the liquidation of his writ, insisting—*first*, that even if no actual levy had been made

on the disputed property, nevertheless all the personal estate was made subject to his writ from the moment it reached the sheriff's hands, and *second,* that the concluding clause in the sheriff's levy is a sufficient levy upon all personal property, without a particular statement or inventory.

In support of the first proposition, counsel for Mather relies upon *Evans* v. *Walsh, 41 N. J. Law (12 Vr.) 281,* but this case does not go to the extent claimed by counsel, it only determines that the delivery of the writ binds the personal property from that time until its return day, and that the officer holding the writ may levy at any time during that period upon defendant's property, and that a subsequent execution issued during that period, under which a particular levy is made, does not acquire priority during the life of the previous writ, for under it the sheriff may, at any time before the return day, levy upon defendant's property, and the levy becomes binding from the time the writ was delivered to the sheriff. The language of Mr. Justice Van Syckel, in delivering the opinion of the court in the *Evans Case,* is: "The lien acquired by the delivery is inchoate, and becomes perfected by actual levy. If no levy is made before the return of the writ, the goods of the defendant are free from its burden, either in the hands of a purchaser with notice or as to subsequent execution creditors. But if the levy is made, the lien dates from the delivery of the writ, so as to maintain its rank against all intermediate encumbrances. Therefore no such title vests in the sheriff by a mere delivery of the writ as will maintain trover, for it may be that he will not pursue and perfect his right by making a levy, but when the levy is duly made, the writ binds the property by the doctrine of relation from its delivery."

In the case which we are considering the sheriff had the right, at any time before the return of the writ, to levy on the property in dispute to satisfy the prior execution, and in my judgment the lien of the writ must be perfected before its return by a levy, and therefore if no levy was made by the sheriff under the Mather writ before its return, his power to perfect the lien was gone, and any personal property not levied upon before the return of the writ might be disposed of to a purchaser with

notice, or subjected to the execution of a subsequent judgment creditor.

The next question to be considered is whether the disputed property, which was sold under complainant's execution, was levied upon by the sheriff under the Mather writ by the words contained in this levy, "all other goods and chattels belonging" to the defendant, for it is admitted that although the sheriff made a very detailed and particular levy, the property sold under the complainant's execution is not specially mentioned, and if subject to the writ it is only because the expression "all other goods and chattels" includes it. I am of opinion that it does not. The deputy sheriff who executed this writ was produced as a witness, and testifies that at the time the levy was made under the first writ, and even when the first levy was made under the second writ on January 2d, 1907, he had no knowledge of the special property which he levied upon under the complainant's writ on the 26th day of January, on which date it was brought to his attention by the counsel of the complainant, with request that he levy upon it, and that he did so.

It was held by Vice-Chancellor Pitney, in *Nelson* v. *Van Gazelle, 45 N. J. Eq. (18 Stew.) 594, 597,* that in order to make a valid levy on chattels the officer having the writ must do some act in relation to them in the way of taking actual possession or asserting dominion over them, and in *Lloyd* v. *Wyckoff, 11 N. J. Law (6 Halst.) 218,* Mr. Justice Ford said that it was a well-established principle that if an officer receiving an execution makes a just and true inventory of the debtor's goods, and files it at the return of the writ, it amounts to a constructive seizure, and in this case, while the officer could not see or perhaps actually seize the chattel interest, an inventory of it attached to the writ before its return would amount to a constructive seizure. That was done under the complainant's writ, it was not done under the Mather writ, and in the case last cited the entry in the sealing docket was, "levied on the goods and chattels of the defendant to the value of $5," regarding which Judge Ford said: "This does not specify one item for which the judgment creditor could recover value in case it was lost, consumed, embezzled or wasted. There is no evidence to the

debtor of what goods were taken away, nor to the creditors of what goods were left for them. * * * It is not that inventory which, in the decisions of the court (conformably to the meaning of the statute), has been recognized and established as a constructive seizure. They have allowed great efficacy to such an inventory as the statute requires to be made. They have allowed it to avail an officer as much as actual seizure would have availed him, but if he does not comply with the statute, he must show an actual seizure."

Again, in *Watson* v. *Hoel, 1 N. J. Law (Coxe) 136,* the sheriff, instead of endorsing a particular inventory of the articles upon which he had levied, had recited a levy upon one or two specified articles of property, and added, "and upon all the household goods," &c. This the court held not to be a sufficient levy to protect the sheriff from amercement, and was held to be a direct breach of his duty.

Mr. Justice Drake, in *Lloyd* v. *Wyckoff, supra,* said: "The duty of the sheriff to the plaintiff requires that he should make a sufficient levy, and his duty to the defendant as strongly requires that he should not make an oppressive levy. He ought then, for both these purposes, to have the means of knowing the value of the goods he levies on. He must make the money of the goods and chattels levied on, and he must have them to show to purchasers at the sale, and to deliver when sold. * * * The sheriff should know exactly what he has levied on, and be able to furnish information to parties interested. For this purpose, whenever the sheriff does not take and keep the goods and chattels levied on in his immediate possession, he should take a true list or inventory of them. From what has been said, the requisites to a good levy, in all ordinary cases, may safely be laid down to be—*first,* that the officer should see the goods and have them in his power, and *secondly,* that he should, in addition to this, do some act demonstrating his intention from that time forward to appropriate them in obedience to the commands of his writ."

In the present case, for aught that appears, the goods and chattels actually levied upon by the sheriff under the Mather execution may be more than sufficient to satisfy that writ, and

the sheriff may have intended not to levy on more property, because to have done so would have been oppressive. I am satisfied from the testimony taken in this case that the sheriff returned the Mather writ without intending to, or in law effectively levying upon the property afterwards particularly levied upon and sold under complainant's writ; that the power to take further proceedings under the Mather writ expired on the 15th day of January last, and that thereafter the complainant discovered property not included in the levy under the Mather writ, and procured the sheriff to levy upon it under his writ, and that he is entitled to the proceeds of the sale of this special property.